Joseph Kanee, Esq.
Florida Bar No. 1040922
MARCUS & ZELMAN, LLC
1508 SW 23 Street
Fort Lauderdale, FL 33315
Tel: (848) 346-4358
Email: joseph@marcuszelman.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| JORDAN PRUNA,<br><br>            Plaintiff,<br><br>      v.<br><br>WESTLAKE FINANCIAL SERVICES and RAPID RECOVERY AGENCY, INC.,<br><br>            Defendants. | Case No.:<br><br>Plaintiff's Complaint For<br><br>1.  Violations Of 15 U.S.C. §1692f(6)<br><br>2.  Wrongful Repossession.<br><br>3.  Conversion<br><br><br>**(Jury Trial Requested)** |

Plaintiff Jordan Pruna (hereinafter referred to as "Plaintiff") complains and alleges as against Defendant Westlake Financial Services and Defendant Rapid Recovery Agency, Inc. (collectively referred hereinafter as "Defendants") as follows.

1

COMPLAINT

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed Plaintiff's vehicle even though he was not in default of his auto loan. Plaintiff also brings a claim against Defendant Rapid Recovery Agency, Inc. for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff Jordan Pruna ("Plaintiff") is a natural person and a resident of Pinellas County, Florida and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Westlake Financial Services ("Westlake") is a financial institution engaged in consumer lending, including the financing of motor vehicles, with its principal office located in Los Angeles, California.

7. Defendant Rapid Recovery Agency, Inc. (hereinafter referred to as "Rapid Recovery"), is a repossession company, with its principal place of business in Hollywood, Florida.

8. Defendant Rapid Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant Rapid Recovery is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

## **ALLEGATIONS OF FACT**

10. Plaintiff owned a 2014 Toyota Tacoma (hereinafter referred to as "the Vehicle").

11. Plaintiff purchased this Vehicle through an auto loan obtained from Westlake Financial Services ("Westlake).

12. Plaintiff took out this auto loan to purchase this vehicle for his personal use and enjoyment.

13. The money purportedly owed on the Westlake loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

14. At some point prior to July 31, 2025, Defendant Westlake contracted with Defendant Rapid Recovery to repossess the Plaintiff's vehicle.

15. At approximately 3:30 a.m. on or about July 31, 2025, after being hired

COMPLAINT

by Westlake to repossess the Plaintiff's vehicle, Rapid Recovery proceeded to repossess the Plaintiff's vehicle from where it was lawfully parked at Plaintiff's residence in Pinellas Park, Florida.

16. Upon discovering his Vehicle was taken, Plaintiff immediately contacted Westlake, who confirmed that his Vehicle had been repossessed by Rapid Recovery.

17. At the time of the repossession, the Plaintiff was not behind on his Westlake loan and was not in default of his loan obligations.

18. Plaintiff was not in breach of any term of the loan or security agreement and retained the legal right to full use and possession of the Vehicle at the time of the repossession.

19. Nevertheless, Defendants repossessed the Plaintiff's vehicle and ultimately sold the Vehicle at auction.

20. As a result of the Defendants' illegal repossession, Plaintiff suffered anger, frustration, emotional distress and lost time as a result of the Defendants' actions and was subjected to abusive collection tactics from which he had a substantive right to be free.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Rapid Recovery)**

21. Plaintiff realleges paragraphs 5-20 as though more fully set forth herein.

22. Plaintiff brings this Count against Rapid Recovery.

23. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

24. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C)    the property is exempt by law from such dispossession or disablement.

25. At the time of repossession, the Plaintiff was entitled to the use and possession of his vehicle and was not in default of his loan or security agreement.

26. At the time of the repossession, the Defendant did not have the present right to possession of the Plaintiff's vehicle and was prohibited from repossessing it.

27. The Defendant accordingly violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on July 31, 2025.

28. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate

5

COMPLAINT

attempts to collect a debt, by subjecting the Plaintiff to unfair, or unconscionable means to collect a debt by depriving the Plaintiff of use of the vehicle, and by depriving the Plaintiff of the loss of the right to pre repossession judicial process.

29. Defendant's illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, lost sleep, frustration and embarrassment.

30. By reason thereof, Defendant Rapid Recovery is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### Florida Statute § 679.601, 679.609 and 679.625 *et seq.*
### (Against All Defendants)

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 5-20 above, with the same force and effect as if the same were set forth at length herein.

32. Plaintiff brings this Count against all Defendants.

33. Florida only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. Fla. Stat. §§ 679.601, 679.609.

34. Furthermore, Florida law does not permit non judicial or "self-help"

6

COMPLAINT

repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

35. At the time of the repossession, Plaintiff was not in default of his loan, but Defendants repossessed the Vehicle anyway and then held that vehicle for a period and continued to hold the Vehicle, ultimately selling the Vehicle, even after they were alerted that they had no right to take the vehicle.

36. As a result, the Defendants violated Florida Statute § 679.601 and 679.609 when they repossessed the Plaintiff's vehicle on July 31, 2025.

37. By illegally repossessing the Plaintiff's vehicle on July 31, 2025 in violation of Florida Statute § 679.601 and 679.609, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving him of the use of his vehicle, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

38. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, lost sleep, frustration and embarrassment.

39. By reason thereof, Defendants are also liable to the Plaintiff for judgment

7

COMPLAINT

that Defendants' conduct violated Florida Statute § 679.601 and 679.609 statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III

### CONVERSION
### (Against All Defendants)

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 5-20 above, with the same force and effect as if the same were set forth at length herein.

41. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle even though Plaintiff was not in default of his loan and at a time that the Plaintiff was instead entitled to the present use of his own vehicle.

42. The Defendants then held Plaintiff's vehicle, thereby exercising control over the Plaintiff's property.

43. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by depriving him of the use of his vehicle for an extensive period of time.

44. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt,  and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

8

COMPLAINT

45. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, lost sleep, frustration and embarrassment.

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and the possessions contained therein, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    awarding Plaintiff  actual damages incurred;

(b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)    awarding the Plaintiff punitive damages;

(c)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff such other and further relief as this

9

COMPLAINT

Court may deem just and proper.

Dated: July 21, 2026     By: /s/ Joseph Kanee
           Joseph Kanee, Esq.
           Florida Bar No. 1040922
           MARCUS & ZELMAN, LLC
           1508 SW 23 Street
           Fort Lauderdale, FL 33315
           Tel: (848) 346-4358
           Email: joseph@marcuszelman.com
           *Attorney for Plaintiff*

COMPLAINT